

# Fourth Court of Appeals
## San Antonio, Texas

## JUDGMENT

No. 04-18-00411-CV

**REPSOL OIL AND GAS USA, LLC**, as successor to Talisman Energy USA Inc., Statoil Texas
Onshore Properties LLC, and Statoil Pipelines LLC,
Appellants

v.

**MATRIX PETROLEUM, LLC**, Matrix Petroleum Holdings, LLC, JAR Resources Holdings,
L.P., TMRX Petroleum LLC, and OGE, LLC,
Appellees

From the 218th Judicial District Court, La Salle County, Texas
Trial Court No. 14-08-00158-CVL
Honorable Russell Wilson, Judge Presiding

BEFORE CHIEF JUSTICE MARTINEZ, JUSTICE CHAPA, AND JUSTICE WATKINS

In accordance with this court's opinion of this date:

- Talisman's request that we take judicial notice of filings with the Texas Comptroller that are outside of the record is DENIED AS MOOT.

- Matrix and OGE's Cross-Motion to Strike References to Evidence Outside the Record is DENIED AS MOOT.

- Matrix and OGE's Conditional Motion for Leave to File a Sur-Reply to Talisman's Reply is DENIED AS MOOT.

- Talisman's Alternative Opposed Motion for Leave to File Supplemental Appellant's Brief is DENIED AS MOOT.

- Statoil Texas's Motion for Leave to File Sur-Responses to the Replies of Matrix and OGE Regarding Their Motions to Dismiss is GRANTED.

- Matrix's and OGE's requests to file sur-replies regarding their Motions to Dismiss are DENIED.

- Matrix's and OGE's Motions to Dismiss Statoil Texas's Appeal for Lack of Jurisdiction are GRANTED as to Statoil Texas's Issues 2.a.(3), 3, 5, and 8, except to the extent Issue 8 challenges declarations regarding the October 2016 Wells, and the motions are otherwise DENIED.

- It is therefore ORDERED that Statoil Texas's appeal is DISMISSED FOR LACK OF JURISDICTION as it relates to its Issue 2.a.(3), which challenges the trial court's failure to declare that the Term Assignments three-well-per-year drilling obligation obligated the Term Assignment Assignees to each other to drill three wells per year; its Issue 3, which challenges the trial court's determination that the parties did not join issue on the enforceability of the Term Assignments' three-well-per-year drilling obligation between the Term Assignment Assignees; its Issue 5, which challenges the trial court's declaration that the Operator must ensure there are "sufficient facilities" to allow a working interest owner to take production in kind; and its Issue 8, which concerns whether the trial court erred by awarding declaratory relief to OGE against Statoil Texas, except to the extent Issue 8 challenges declarations regarding the October 2016 Wells.

- That portion of the judgment that orders the Matrix Parties[1] and TMRX recover "Disgorgement of the Matrix Parties, and TMRX's, net revenue interest percentage share of the net revenues from the missing volumes of production reported as being sold through the CDP from the date of first production through February 1, 2017, in the amount of $67,591,369" is REVERSED, and judgment is RENDERED that the Matrix Parties and TMRX take nothing on this claim.

- That portion of the judgment that orders OGE recover "As disgorgement, OGE's net revenue interest percentage share of the net revenues from the comingled production reported as being sold through the CDP from the date of first production through February 1, 2017 in the amount of $11,265,228" is REVERSED, and judgment is RENDERED that OGE takes nothing on this claim.

- That portion of the judgment that orders OGE recover "OGE's share of production from the October 2016 Wells, in the amount of $122,681" is REVERSED and judgment is RENDERED that OGE takes nothing on this claim.

- The following declarations in the judgment are REVERSED:

  1. Declarations MRD 1,[2] 2.1, 2.2, 2.3, 2.4, 3.1;

  2. the two paragraphs of Declaration MRD 3.2 beginning "The JOA makes no provision for" and ending "does not apply to nonconsenting members.";

  3. to the extent the trial court's declaration requires the Operator to construct facilities for the benefit of the joint account in addition to the wellheads to allow the working

---

[1] The "Matrix Parties" are Matrix Holdings, LLC and JAR Resources Holdings, L.P. collectively.
[2] Our designation "Declaration X" refers to the trial court's declaration in response to a party's requested declaration "X."  For example, "Declaration MRD 1" refers to the trial court's declaration in response to "MRD 1."

interest owners to take in kind, the paragraph of Declaration MRD 5 beginning "Operator has not deprived" and ending "for taking in kind.";

4. Declarations ORD d.2; and

5. Declarations SRD 21, 33, 34, and 38.

- We RENDER the following declarations:

1. The JOA provides that no new well may be drilled without the consent of all members of the JOA, unless the members are obliged to drill it, under obligations in the underlying leases, to prevent drainage, and/or to reasonably develop, or if the balloting and non-consent-penalty provisions of Section 8 are complied with.

2. The Term Assignments do not mandate that a Term Assignee consent to the drilling of a well under JOA Section 8.

3. Matrix Holdings, JAR, TMRX, and OGE did not agree to drill any of the October 2016 Wells, and each is subject to a non-consent penalty, pursuant to JOA Section 8, as to these wells.

- We further RENDER judgment as follows: To the extent, if any, the Orders incorporated into the trial court's Amended Final Judgment conflict with the judgment of the Fourth Court of Appeals, the judgment of the Fourth Court of Appeals prevails.

- That portion of the judgment that orders the Matrix Parties and TMRX recover "The amount that the Matrix Parties and TMRX paid for expenses that Talisman incurred above $2,500 on a well before the Matrix Parties and TMRX granted their consent to the drilling of that well in the amount of $6,108,276" is REVERSED, and judgment is RENDERED that the Matrix Parties and TMRX take nothing on this claim.

- That portion of the judgment that orders the Matrix Parties and TMRX recover "TEAK pipeline bonus amounts that Talisman should have passed on to the Matrix Parties and TMRX in the amount of $123,653" is REVERSED, and judgment is RENDERED that the Matrix Parties and TMRX take nothing on this claim.

- That portion of the judgment that orders that OGE recover "TEAK pipeline bonus amounts that Talisman should have passed on to OGE in the amount of $29,830" is REVERSED, and judgment is RENDERED that OGE takes nothing on this claim.

- That portion of the judgment that orders the Matrix Parties and TMRX recover "Amounts Talisman charged the Matrix Parties and TMRX for internal marketing fees the JOA did not authorize in the amount of $265,118" is REVERSED, and judgment is RENDERED that the Matrix Parties and TMRX take nothing on this claim.

- That portion of the judgment that renders judgment for Statoil Pipelines against Matrix Holdings, JAR Resources, TMRX Resources, and OGE for "interim CDP fees, under the May 5, 2016, Rule 11 Agreement, for the period of June 2016, through November 2017, for gas, and December, 2017, for oil" is REVERSED, and judgment is RENDERED that Statoil Pipelines takes nothing on this claim.

- That portion of the judgment that renders judgment for the Matrix Parties and TMRX against Talisman under the Texas Natural Resources Code for reasonable and necessary attorneys' fees is REVERSED.

- That portion of the judgment that renders judgment for OGE against Talisman under the Texas Natural Resources Code for reasonable and necessary attorneys' fees is REVERSED.

- That portion of the judgment that renders judgment for Statoil against the Matrix Parties and TMRX for attorneys' fees, including the incorporation of those portions of the trial court's January 25, 2018 Order on Statoil's Motion for Attorney's Fees and Expenses that order an award of attorneys' fees from the Matrix Parties and TMRX, is REVERSED.

- The judgment is otherwise AFFIRMED.

The cause is REMANDED for further proceedings on attorneys' fees consistent with this court's opinion.

We RENDER judgment against the surety, Liberty Mutual Insurance Company, on Talisman's supersedeas bond for the portions of the trial court's judgment that we affirmed on appeal subject to the terms and conditions of the supersedeas bond.

It is ORDERED that each party shall bear its own costs of this appeal.

SIGNED December 27, 2023.

_____
Rebeca C. Martinez, Chief Justice